**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DEMETRIUS JEROME MOORE, LACOLE REGINA MOORE,

Plaintiffs,

v.

EXPERIAN INFORMATION SOLUTIONS INC. et al.,

Defendants.

Case No.: 25-cv-03529-DMS-SBC

**ORDER GRANTING PLAINTIFFS' MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND SCREENING COMPLAINT**

On December 11, 2025, Plaintiffs Demetrius Jerome Moore and Lacole Regina Moore, proceeding *pro se*, filed this action against Defendants Experian Information Solutions Inc. ("Experian"), Trans Union L.L.C. ("Trans Union"), and Equifax Information Services L.L.C. ("Equifax"). (Compl., ECF No. 1). Plaintiffs allege violations of the Fair Credit Reporting Act ("FCRA"). (*Id.* ¶ 16); 15 U.S.C. §§ 1681–1681x. Plaintiffs have each filed a Motion to Proceed *In Forma Pauperis* ("*IFP* Motions"). (ECF Nos. 6, 11). For the following reasons, the Court grants Plaintiffs' *IFP* Motions and *sua sponte* dismisses the Complaint in part.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiffs' *IFP* Motions each contain an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240). (ECF No. 6 at 4–5; ECF No. 11). Plaintiff Demetrius reports that his only income over the past twelve months was $783 monthly from Social Security disability benefits. (ECF No. 6 at 4). Plaintiff Lacole reports that she is not employed and has not received any income in the past twelve months. (ECF No. 11 at 1). Plaintiffs state that they have $150 in a checking or savings account and no other assets. (ECF No. 6 at 5; ECF No. 11 at 2). Plaintiffs itemize monthly expenses totaling $1,445 for rent, electricity, and gas. (ECF No. 6 at 5; ECF No. 11 at 2). On this record, each Plaintiff has sufficiently demonstrated that they cannot "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court grants Plaintiffs' *IFP* Motions.

## II. *SUA SPONTE* SCREENING

### A. Background

Plaintiffs allege that Defendants, three nationwide consumer reporting agencies, have "continuously inaccurately reported" their accounts as "current, undisputed, derogatory, and past due." (Compl. ¶¶ 1–3). On June 25, September 27, October 2, and December 2, 2024, Plaintiff Demetrius disputed a tradeline reported by Virginia Credit

---

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

Union with all three Defendants and a Commonwealth of Virginia account with Equifax. (*Id.* ¶¶ 18–19, 32, 46, 54). Plaintiff Demetrius alleges that the latter account "was first reported derogatory in 1996 and Plaintiff had continuously made payments to said account from April 2020 until present." (*Id.* ¶ 55). On the same four dates in 2024, Plaintiff Lacole disputed a tradeline reported by Virginia Credit Union and a tradeline reported by First Premier with all three Defendants. (*Id.* ¶¶ 63, 66, 72, 75, 81, 84). As to the First Premier tradeline, Plaintiff Lacole alleges that she provided Defendants with "documentation and confirmation from the data furnisher that said account was never late." (*Id.* ¶ 67). Plaintiffs allege that Defendants "refused and failed to reinvestigate" each of these disputes within thirty days, unlawfully determining them to be frivolous. (*Id.* ¶¶ 20, 33, 47, 58, 64, 68, 73, 77, 82, 86).

In or around January 2025, Henrico Federal Credit Union allegedly contacted Defendants to notify them that Plaintiff Demetrius' "account's derogatory remarks were erroneous and the credit reporting should be updated to reflect as such." (*Id.* ¶¶ 23, 36, 50). On February 11 and April 4, 2025, Plaintiff Demetrius allegedly submitted disputes with Defendants, providing them with the "documentation and correspondence from Henrico Federal Credit Union." (*Id.* ¶¶ 22, 24, 35, 37, 49). However, Plaintiff Demetrius alleges that Defendants again failed to reinvestigate and deemed the disputes frivolous. (*Id.* ¶¶ 24, 37, 51). Plaintiff Demetrius alleges that on or around April 1, 2025, Equifax "maliciously and intentionally deleted and removed said trade-lines from his credit file" and that "[t]hese loans were procured solely for the purposes of improving Plaintiff's Fair Issac [sic] Corporation Score and his credit worthiness." (*Id.* ¶ 52). Plaintiff Demetrius further alleges that Experian and Trans Union provided the results of the reinvestigation through an online portal which "blocked and restricted" his access, despite the fact that he had submitted his disputes through the mail and had not authorized another means of communication. (*Id.* ¶¶ 27, 41). Plaintiff Demetrius alleges that subsequent attempts to contact Experian and Trans Union by mail and phone were unsuccessful. (*Id.* ¶¶ 28, 42).

Finally, Plaintiffs allege that as a result of Defendants' reporting, they were unable to secure a car loan, student loan, and mortgage. (*Id.* ¶ 89).

On December 11, 2025, Plaintiffs filed this action with a Motion to Proceed *IFP* signed by Plaintiff Lacole. (ECF Nos. 1, 2). On February 24, 2026, the Court denied the motion because multiple plaintiffs may only proceed *IFP* if they each demonstrate an inability to pay the filing fee. (ECF No. 3 at 2). On April 1, 2026, the Court dismissed the case for failure to either pay the filing fee or file an *IFP* motion on behalf of each Plaintiff by the deadline set out in the previous order, and the case was subsequently closed. (ECF Nos. 4, 5). On April 6, 2026, Plaintiffs filed their *IFP* Motions, explaining that they had not received the Court's February 24, 2026 order due to a mailing issue. (ECF Nos. 6, 11; *see* ECF Nos. 7–10, 13–14 (returning mail as undeliverable)). On May 4, 2026, the Court reopened the case and took the *IFP* Motions and Complaint under submission. (ECF No. 12). In the Complaint, Plaintiffs allege that Defendants have violated § 1681e(b) by failing to implement or follow reasonable procedures to assure the maximum possible accuracy of the information they publish and § 1681i(a)(1) by failing to implement or follow reasonable procedures designed to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate. (Compl. ¶¶ 21, 25, 34, 38, 48, 53, 59, 65, 69, 74, 78, 83, 87, 90, 93). Plaintiff Demetrius additionally alleges that Experian and Trans Union violated § 1681i(a)(6) by failing to mail him the results of his reinvestigations. (*Id.* ¶¶ 26–29, 40–43). Plaintiffs seek actual, compensatory, special, and punitive damages under §§ 1681n and 1681o, as well as fees and costs. (*Id.* ¶¶ 91, 94, 96).[2]

---

[2] Plaintiffs allege that Defendants' violations of §§ 1681i(a) and 1681i(a)(1) have "resulted in the negligent and intentional infliction of mental and emotional distress." (*Id.* ¶¶ 92, 95). The Court construes these allegations as part of the FCRA claims, but to the extent Plaintiffs intend to allege state-law causes of action, they must make that intention clear in any amended complaint. (*See id.* ¶ 7 (invoking jurisdiction only under 28 U.S.C. § 1331)).

**B. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

**C. Discussion**

The Court now examines the Complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief. As Plaintiffs proceed *pro se*, the Court

construes the filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)).

1. Section 1681e(b)

Under § 1681e(b), a consumer reporting agency preparing a consumer report must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Liability is ultimately "predicated on the reasonableness of the credit reporting agency's procedures." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)) (noting that the reasonableness of the procedures is normally a question for trial). However, to state a claim, a plaintiff "must first make a prima facie showing of inaccurate reporting" by the consumer reporting agency. *Id.* at 756 (citation modified) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)); *see Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) ("This order of proof makes sense: if there is no inaccuracy, then the reasonableness of the investigation is not in play.").[3] Reporting is inaccurate "where it either is patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw*, 891 F.3d at 756 (citation modified). Although Plaintiffs state that Defendants' reporting was inaccurate, the Court must examine the factual basis for each alleged inaccuracy. *Iqbal*, 556 U.S. at 678 (noting that conclusory statements and recitals of the elements of a cause of action are insufficient).

*a. Virginia Credit Union*

Plaintiffs allege that they each disputed a tradeline reported by Virginia Credit Union and provided information to support their disputes. (Compl. ¶¶ 19, 32, 46, 63, 72, 81). However, the Complaint does not describe the account, what information was reported

[3] Although the dissemination of inaccurate reporting is not an element of a § 1681e(b) claim, it does bear on whether the plaintiff has Article III standing. *Guimond*, 45 F.3d at 1333 n.3; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021) ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm.").

about it, or what the inaccurate information allegedly was. *See, e.g.*, *Walters v. Transunion*, No. CV-26-03233-PHX-DWL, 2026 WL 2119331, at *3 (D. Ariz. July 23, 2026). Plaintiffs therefore fail to plausibly allege these claims and they are dismissed.

*b. Henrico Federal Credit Union*

Plaintiff Demetrius alleges that Henrico Federal Credit Union notified Defendants that his "account's derogatory remarks were erroneous" and that he provided Defendants with "documentation and correspondence" affirming this. (Compl. ¶¶ 23, 24, 36, 37, 50). However, as previously discussed, conclusory statements are insufficient to state a claim upon which relief may be granted. Plaintiff Demetrius does not identify what the derogatory remarks were and what the accurate status should have been. Without that information, the Court cannot assess whether the reporting was patently incorrect or sufficiently misleading. *See Shaw*, 891 F.3d at 756. Plaintiff Demetrius further alleges that Equifax "maliciously and intentionally deleted and removed" the Henrico Federal Credit Union tradelines from his reporting. (*Id.* ¶ 52). However, removal of a disputed item is explicitly contemplated by the statute, and Plaintiff does not explain how this made the reporting inaccurate under § 1681e(b). *See* § 1681i(a)(5)(A) ("If, after any reinvestigation . . . an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall . . . promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation . . . ."). Accordingly, this claim is dismissed.

*c. Commonwealth of Virginia*

Plaintiff Demetrius alleges that Equifax "continuously reported [his Commonwealth of Virginia] account as past due" despite it first being reported derogatory in 1996 and Plaintiff making payments to the account from April 2020 until present. (Compl. ¶¶ 55–57). It is unclear whether Plaintiff is alleging that the account was not past due. (*See id.* ¶ 57 ("Defendant knew that this account had been paid timely . . . .")). If the account was indeed current, then reporting otherwise is patently incorrect. *Cf. Gross*, 33 F.4th at 1252

(finding that where a balance was not owed, it was patently incorrect to report an account as past due). As it is unclear what Plaintiff is alleging, this claim is dismissed. *See Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) ("A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint.").

*d. First Premier*

Plaintiff Lacole alleges that she disputed a First Premier tradeline four times in 2024 and provided Defendants with "documentation and confirmation from the data furnisher that said account was never late." (Compl. ¶¶ 66–67, 75–76, 84–85). Read with the allegation that Defendants reported Plaintiffs' accounts as past due, Plaintiff Lacole has plausibly alleged inaccurate reporting. Accordingly, these claims are sufficiently plead "to warrant ordering [Defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); (Compl. ¶ 3).

2. <u>Section 1681i</u>

Section 1681i(a) provides that "if the completeness or accuracy of any item of information contained in a consumer's file . . . is disputed by the consumer . . . , the agency shall, free of charge, conduct a reasonable reinvestigation" and update or delete the information "before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute." § 1681i(a)(1)(A). The agency must also notify any person who provided any of the information in dispute. *Id.* at (a)(2)(A). If the agency determines the dispute to be frivolous or irrelevant or concludes the reinvestigation, it must notify the consumer within five business days by mail or if authorized by the consumer, by other means. § 1681i(a)(3)(B), (a)(6)(A). As with § 1681e(b), a claim under § 1681i requires that Plaintiff make a prima facie showing of an inaccuracy. *Shaw*, 891 F.3d at 756 ("Although § 1681i does not on its face require that an actual inaccuracy exist, we . . . have imposed such a requirement. Requiring an inaccuracy . . . is consistent with the FCRA's purpose to protect consumers from the transmission of inaccurate information about them." (citation modified)). As discussed above, only Plaintiff Lacole's claims related to the First

Premier tradeline meet this requirement. Accordingly, Plaintiffs' Virginia Credit Union, Henrico Federal Credit Union, and Commonwealth of Virginia § 1681i(a) claims are dismissed.

Finally, Plaintiff Demetrius alleges that Experian and Trans Union violated § 1681i by failing to mail him the results of the reinvestigations. (Compl. ¶¶ 26–29, 40–43). Taking as true that Experian and Trans Union provided the results only through an online portal that Plaintiff had not authorized, the Court finds that Plaintiff has plausibly stated a violation of § 1681i sufficient to warrant a response.

A court "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation modified); Fed. R. Civ. P. 15(a) (courts should "freely give leave [to amend] when justice so requires"). Here, it is not absolutely clear that the dismissed claims could not be cured by amendment.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiffs' *IFP* Motions and *sua sponte* **DISMISSES** with leave to amend Plaintiffs' §§ 1681e(b) and 1681i(a) claims related to the Virginia Credit Union tradeline, Henrico Federal Credit Union tradeline, and Commonwealth of Virginia account. Plaintiff Lacole's §§ 1681e(b) and 1681i(a) claims related to the First Premier tradeline survive screening, as does Plaintiff Demetrius' § 1681i notice claim against Experian and Trans Union. Within twenty-one (21) days of the date of this Order, Plaintiffs may file an amended complaint.

The Court **ORDERS**:

1. The Clerk of Court shall issue a summons and forward it to Plaintiffs with a blank U.S. Marshal Form 285, a certified copy of the operative complaint, and a certified copy of this Order. Plaintiffs must fill out U.S. Marshal Form 285 as completely and accurately as possible with the addresses where Defendants may be found or subject to service. *See* CivLR 4.1c. Plaintiffs must then return the form to the U.S. Marshal pursuant to the Clerk's instructions.

2. The U.S. Marshal shall serve a copy of the operative complaint, summons, and this Order upon Defendants, as directed by Plaintiffs on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

3. Plaintiffs shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiffs shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel for Defendants and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge